# United States District Court

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA

v.

JOHN GARRY BOURNES

## CRIMINAL COMPLAINT

CASE NUMBER: 2:08mj001-TFM

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Between __August 2007 and November 2007__, in __Montgomery__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

fail to register as a sex offender

in violation of Title __18__ United States Code, Section(s) __2250__. I further state that I am a(n) __Deputy United States Marshal__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

January 3, 2008                              at        Montgomery, Alabama
Date                                                   City and State

Terry Moorer, U. S. Magistrate Judge             _____
Name & Title of Judicial Officer                 Signature of Judicial Officer

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

2008 JAN -3 P 2: 24

| UNITED STATES OF AMERICA, | : | Case No. COURT CASE NO. |
|---|---|---|
| Plaintiff, | : | **COMPLAINT** |
| Vs. | : | |
| JOHN GARRY BOURNES | : | Violation: 18 U.S.C. § 2250 |
| Defendant, | : | [Failure to Register] |

Before Honorable Judge Terry Moorer United States Magistrate Judge for the Middle District of Alabama, appeared the undersigned, who on oath deposes and says:

COUNT 1
(18 U.S.C. § 2250)
(Failure to Register)

Between August 2007 and November 2007, in the Middle District of Alabama,

JOHN GARRY BOURNES,

an individual required to register under Sex Offender Registration and Notification Act; who traveled in interstate commerce, did knowingly fail to update a registration as required by the Sex Offender Registration and Notification Act, all in violation of Title 18, United States Code, Section 2250.

**STATUTORY AUTHORITY**

This investigation concerns alleged violations of Title 18, United States Code, Section 2250- certain activities relating to failing to register under the Sex Offender Registration and Notification Act. 18 U.S.C. § 2250 states:

Whoever,
      (1) is required to register under the Sex Offender Registration and Notification Act;
      (2) (B) . . .travels in interstate or foreign commerce . . .
      (3) knowingly fails to register or update registration as required by the Sex Offender Registration and Notification Act.

The Section 113 of the Adam Walsh Act defines who is required to register under the Act:

      (A) In General – A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

      (2) Keeping Registration Current – A sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry . . .

Section 111 of the Adam Walsh Act defines Sex Offender as:

(1) Sex Offender – The term "sex offender" means an individual who was convicted of a sex crime.

The Act further defines "sex offense as:

. . . . . (5) (A) Generally - . . . the term "sex offense" means –
    . . . (i) a criminal offense that has an element involving a sexual act or sexual contact with another . . .
. .
. . .(6) The term Criminal Offense means a State, local, tribal, foreign, or military offense. . . . .

## STATEMENT OF FACTS

I, DUSM Ashley HEFELFIGNER, Deputy United States Marshal, hereby deposes and says: I am a Criminal Investigator / Deputy United States Marshal assigned to the Middle District of Alabama, Montgomery, Alabama. I have been with the United States Marshals office for over five years. My law enforcement experience includes the United States Marine Corps Military Police Academy, United States Marshals Service Academy and the Federal Law

Enforcement Training Center for Criminal Investigators. I am currently assigned as the Assistant Warrant Coordinator for the United States Marshals Service, Middle District of Alabama. One of my responsibilities is to investigate crimes involving individuals that are convicted sex offenders, that have failed to register as required by 18 United States Code 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006.

2. This affidavit is made in support of a criminal complaint charging JOHN GARRY BOURNES with failure to register, in violation of 18 U.S.C. § 2250.

3. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation.

4. Criminal records indicate that on or about June 25, 1991, JOHN GARRY BOURNES was convicted of Handling and Fondling a child under the age of 16 Years Old. JOHN GARRY BOURNES was sentenced to serve fifteen (15) years in Florida State Department of Corrections for this conviction. BOURNES was released from Florida DOC custody in 2002.

5. On November 09, 2007, I spoke to Corporal Scott Summers with the Pinellas County Sex Predator and Offender Tracking Unit in Largo, Florida. Summers informed me that BOURNES is required to re-register twice a year, once during the month of his birth and again six months later. BOURNES was required to register again during the month of October 2006. BOURNES failed to do this and a warrant was issued for his arrest on March 27, 2007.

6. After JOHN GARRY BOURNES was released in 2002 from the Florida penal system, records indicate that BOURNES moved to New Orleans, Louisiana. According to an interview with BOURNES, he regularly traveled between Louisiana and Florida for a period of time. BOURNES was arrested in St. Petersburg, Florida for domestic battery on February 27, 2006.

BOURNES was registered as a convicted sex offender on March 16, 2006 and September 05, 2006. BOURNES was given each time instructions and signed a Florida Sex Offender Notice of Responsibilities Form confirming his understanding of the Sex Offender Registration process which includes, "...I must report in person to the local Sheriff's Office or FDLE to notify of my intention to move..."

7. On November 09, 2007, Sergeant Chris Beste with the Prattville Police Department was contacted by the Drivers License Division in Autauga County about JOHN GARRY BOURNES who had attempted to obtain an Alabama driver's license. BOURNES gave his information to the Department of Motor Vehicles to be processed while he took the driver's exam. BOURNES failed the driver's exam and left the DMV. Later, it was determined that BOURNES had a warrant for his arrest out of Florida for failure to register as a sex offender. BOURNES had given the DMV his address and photo during his processing for a driver's license.

8. On November 13, 2007, a warrant was issued for BOURNES arrest for failure to register as a sex offender in Autauga County, Alabama. Sergeant Chris Beste with the Prattville Police Department arrested BOURNES at Summerchase Apartments located at 100 McQueen Smith Road, Apt C6, Prattville, Alabama. According to the apartment manager as well as BOURNES' wife, Christy Bournes, BOURNES had been residing at Summerchase Apartments since August of 2007.

9. On November 13, 2007, I checked the National Sex Offender Registry website at http://www.nsopr.gov/ and confirmed that JOHN GARRY BOURNES is listed in the national registry in Florida, but not registered in Alabama, Louisiana, or Utah.

10. On November 13, 2007, I ran a National Crime Information Center (NCIC) computer check on JOHN GARRY BOURNES. The check revealed that BOURNES was arrested for handling and fondling a child under the age of 16 year old in Florida.

11. On November 13, 2007, I contacted the Prattville Police Department and Autauga County Sheriffs Office and confirmed that BOURNES had never registered as a convicted sex offender in the State of Alabama.

12. On November 15, 2007, BOURNES was interviewed by Sgt Chris Beste at the Prattville Police Department. BOURNES was read his rights and signed a waiver form. Prior to moving to Alabama, BOURNES admitted to living in Florida, Louisiana, and Utah with his wife Christy Bournes between 2002 and 2006. He admitted that he never registered as a sex offender in Louisiana, Utah, or Alabama.

13. Your affiant submits that probable cause exist to charge JOHN GARRY BOURNES with violation of 18 U.S.C. § 2250, Sex Offender and Crimes Against Children Registry, also known as the Adam Walsh Protection and Safety Act of 2006, for failure to register as a sex offender in the State of Alabama and having traveled from the State of Florida, where he was convicted of Handling and Fondling a Child under the age of 16 years old, and traveled from the state of Florida where JOHN GARRY BOURNES was registered but left and has failed to comply since September of 2006.

*(signature)*
Ashley Hefelfinger
Deputy United States Marshal
United States Marshal Service

SUBSCRIBED AND SWORN TO BEFORE ME THIS 3rd DAY OF JANUARY, 2008

*(signature)*
Terry Moorer
United States Magistrate Judge